UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 14-1649-DOC (ANx)            Date: March 3, 2015

Title: OAKLEY INC. V. TRIMERA MILITARY TECHNOLOGY, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY [25]**

Before the Court is Plaintiff Oakley Inc.'s ("Oakley") Motion to Expedite Discovery ("Motion") (Dkt.25). Having considered the motion, opposition, and reply, the Court hereby GRANTS IN PART Plaintiff's Motion.

**I.**    **Background**

The court recently summarized the facts alleged in the complaint, and will not repeat the record here. Order re. Motion to Dismiss, December 29, 2014 (Dkt.25). In brief, Defendants TMT and High Step owe Oakley $7 million for specially manufactured military goods. Oakley seeks to hold Defendant Trimera Group liable for the unpaid expenses as an alter-ego.

This Motion pertains to the Plaintiff's alter-ego allegations against Defendant Trimera Group. On December 29, the Court granted Defendant Trimera Group's Motion to Dismiss finding that Oakley had not adequately pled facts to support its alter-ego allegations.

Plaintiff now moves for expedited discovery, in order to establish "Defendants Trimera Military Technology, Inc. ("TMT") and High Step International Trading Ltd.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1649-DOC (ANx)　　　　　　　　　　　　　　　　　　Date: March 3, 2015

Page 2

("High Step") are 'alter egos' of Trimera Group." Memo. in Support of Mot. (Dkt. 34) at 1.

In granting the Motion to Dismiss, the Court found, in part, that Oakley had failed to alleged sufficient facts to establish that Trimera Group was the alter ego of the other Defendants. The Court observed that although Oakley alleged that the Defendants were under common ownership and shared some officers and employees, the allegations "must be weighed against the fact that Oakley acknowledges that the two companies have separate headquarters and operate primarily in separate locations." Order at 4. The Court also found that while Oakley alleged in a conclusory manner that TMT was undercapitalized, it cited "no specific facts going to Trimera Group's misuse of the corporate form or establishing that Trimera Group's affairs were conducted to make it an instrumentality of TMT or High Step." *Id.*

On these grounds, the Court granted Trimera Group's motion with leave to amend by January 20, 2015.

Since granting the Motion to Dismiss, Oakley hired a private investigator to investigate information contained in Trimera Group's Motion to Dismiss and Reply, including information about TMT's corporate presence in the state of Oregon. Mot. at 2. Plaintiff represents that the investigation concluded that TMT did not in fact have a presence in the Portland Oregon area. Mot. at 6-7.

Based upon this new information, Oakley seeks expedited discovery before filing an amended complaint, in order to include additional factual allegations supporting alter ego liability.

On January 15, 2015, the Court denied, without prejudice, Plaintiff's *ex parte* request for expedited discovery on the issue of alter ego liability and extended the time for Plaintiff to file an amended pleading to March 23, 2015, permitting Plaintiff to refile its requests for expedited discovery as a regularly noticed motion.

 Oakley filed the present motion on February 2, 2015.

## II.    Legal Standard

Courts have the inherent power to authorize expedited discovery upon a showing of "good cause to provide immediate access to the requested discovery rather than postponing its ultimate production during the normal course of discovery." *Semitool, Inc., v. Tokyo Electron American, Inc.*, 208 F.R.D. 273, 276-77 (N.D. Cal. 2002). "The 'party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1649-DOC (ANx)                                                     Date: March 3, 2015

Page 3

showing good cause for the requested departure from usual discovery procedures." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

### III. Analysis

Oakley argues that expedited discovery on the issue of alter ego liability would "enable Oakley to determine the true nature of the Defendants' business operations" and assist in "(1) amending its compliant, (2) making sure the proper parties are before the Court at the outset of this litigations…; (3) permitting a more complete and informed discovery conference; and (4) potentially avoiding the addition of other parties later in the litigation and the possibility of delays resulting from the additions." Memo. at 13. As such, Oakley argues good cause exists for expedited discovery.

Specifically, Oakley seeks to conduct a 30(b)(6) deposition as to the following subject matters:

1. The location of TMT's business operations.

2. The identity of TMT's owner(s).

3. The identity of TMT's directors.

4. The identity of TMT's officers

5. The extent to which TMT's owner(s), directors, and/or officers hold positions with or have an ownership interest in Trimera Group.

6. The degree to which TMT has been capitalized (e.g., receipt of assets and funds for business operations) from January 1, 2013 to present.

7. The source of funds for TMT's business operation.

8. The extent to which TMT's assets are commingled with Trimera Group's assets.

9. The extent to which TMT observes corporate formalities (e.g., conducts board meetings, takes minutes of those meetings, files appropriate documents with the Secretary of State, etc.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1649-DOC (ANx)                                                Date: March 3, 2015

Page 4

10. The extent to which owners, directors and/or officers of Trimera Group exercise control over the operations of TMT.

11. The extent to which TMT and Trimera Group share employees, officers and/or other resources

Memo. at 14-15. Oakley also requests authorization to obtain documents through the deposition notice, including:

1. TMT's office lease from Jan. 1, 2013 to the present.

2. TMT's articles of incorporation and any amendments.

3. TMT's by-laws and any amendments.

4. Minutes from TMT Board of Directors meetings from January 1, 2013 to present.

5. TMT's financial statements, including balance sheets, check registers, cash flow statements, and profit and loss statements from January 1, 2013 to the present.

6. TMT's bank statements from 2013 to present, including copies of check reflecting deposits and withdrawals.

Memo at 15. Oakley also requests leave to serve High Step with the same document request.

The requested discovery Oakley anticipates leading to information regarding TMT's true principal place of business, a common ownership structure between the Defendants, shared officers and directors, financing by Trimera group, a lack of segregated assets, and a TMT's and High Steps failure to observe corporate formalities. Memo at 16.

Defendants first object to the motion on the grounds that good cause does not exist essentially because Oakley manufactured the urgency of the requested discovery, and could have obtained the information through normal discovery procedures. Opp'n at 7-8. The Court does not agree that Oakley has engaged in stalling tactics. While the Order Setting Scheduling Conference encourages parties to begin discovery prior to the Rule 26(f) conference, there would have been no guarantee that the Plaintiff would have received its requested discovery prior to the amendment deadline. Further, the information sought is narrowly tailored a specific issue that will likely determine whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1649-DOC (ANx)                                            Date: March 3, 2015

Page 5

further amendment to Oakley's complaint will be futile. Oakley has good cause to seek narrow discovery of the alter-ego issue.

Defendants also state that it will suffer substantial prejudice of the Court grants Oakley's motion. Specifically, it asserts that "several of Plaintiff's proposed requests are objectionable, and an order granting Plaintiff's Motion, without affording Defendants time to evaluate, prepare, and assert objections to those requests, will prejudice defendants." Opp'n at 8. It contends, for example, that Plaintiff's requests for all of Defendant's financial statements since 2013 is overly broad, as is its requests for all Defendants' bank statements. The Court agrees that the request as constructed is overly broad and prejudicial in some respects. Therefore, the Court will limit the discovery permitted as outlined below.

Finally, Defendants argue that the motion is procedurally defective as it is a discovery motion and "Local Rule 37-2 requires discovery motions to be filed as joint stipulations." Opp'n at 15. To the extent that Rule 37 applies, good cause exists for excusal from the joint stipulation requirement. Due to the court imposed amendment deadline, Oakley was subject to a shortened time period to obtain the requested relief. Oakley has demonstrated diligence in attempting to meet and confer with Defendants regarding the contents of this motion. Therefore, any failure to adhere to the strict requirements of Rule 37 in filing a joint stipulation is excused. Defendants request for fees and costs under Rule 37 is also denied.

## IV. Disposition

For the reasons discussed above, Oakley's motion is GRANTED in part. TMT shall make itself available for a 30(b)(6) deposition as to the following subject matters by **March 16, 2015**.

1. The location of TMT's business operations.

2. The identity of TMT's owner(s).

3. The identity of TMT's directors.

4. The identity of TMT's officers.

5. The extent to which TMT's owner(s), directors, and/or officers hold positions with or have an ownership interest in Trimera Group.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1649-DOC (ANx)                                           Date: March 3, 2015

Page 6

6. The degree to which TMT has been capitalized (e.g., receipt of assets and funds for business operations) from January 1, 2013 to present.

7. The source of funds for TMT's business operation.

8. The extent to which TMT's assets are commingled with Trimera Group's assets.

9. The extent to which TMT observes corporate formalities (e.g., conducts board meetings, takes minutes of those meetings, files appropriate documents with the Secretary of State, etc.).

10. The extent to which owners, directors and/or officers of Trimera Group exercise control over the operations of TMT.

11. The extent to which TMT and Trimera Group share employees, officers and/or other resources.

Oakley is permitted to seek the following documents from TMT and High Step:

1. Office lease from Jan. 1, 2013 to the present;

2. Articles of incorporation and any amendments;

3. By-laws and any amendments;

4. Minutes from Board of Directors meetings from January 1, 2013 to present.

The Court finds it premature to compel production of TMT's financial statements, including balance sheets, check registers, cash flow statements, and profit and loss statements from January 1, 2013 to the present, and TMT's bank statements from 2013 to present, including copies of check reflecting deposits and withdrawals. The Motion is DENIED as to these two categories of documents but GRANTED in all other respects.

The Clerk shall serve this minute order on the parties.